**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Andrei Armas, Esq. (SBN: 299703)
andrei@kazlg.com
245 Fisher Avenue, Unit D1
Costa Mesa, California 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

[Additional Attorneys on Signature Page]

*Attorneys for Plaintiffs*,
Rosa and Javier Calderon

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ROSA CALDERON and JAVIER CALDERON, Individually And On Behalf Of All Others Similarly Situated,**<br><br>Plaintiffs,<br><br>v.<br><br>**THE WOLF FIRM, A LAW CORPORATION,**<br><br>Defendant. | Case No.:   8:16-cv-1266<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATION OF:**<br><br>**(1) THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692, ET SEQ.; AND,**<br><br>**(2) THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

//
//
//
//

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

**COMPLAINT**                                                    PAGE 1 OF 13

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

### INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. Similarly, the California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

3. Plaintiffs ROSA CALDERON and Javier CALDERON ("Plaintiffs"), through Plaintiffs' attorneys, brings this action to challenge the actions of THE WOLF FIRM, A LAW CORPORATION ("Defendant") with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiffs, and this conduct caused Plaintiffs damages.

4. Plaintiffs make these allegations on information and belief, with the exception of those allegations that pertain to Plaintiffs, or to Plaintiffs' counsel, which

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

1    Plaintiffs alleges on personal knowledge.

2   5.   While many violations are described below with specificity, this Complaint

3        alleges violations of the statute cited in its entirety.

4   6.   Unless otherwise stated, all the conduct engaged in by Defendant took place

5        in California.

6   7.   Any violations by Defendant were knowing, willful, and intentional, and

7        Defendant did not maintain procedures reasonably adapted to avoid any such

8        violation.

9   8.   Unless otherwise indicated, the use of Defendant's names in this Complaint

10       includes all agents, employees, officers, members, directors, heirs, successors,

11       assigns, principals, trustees, sureties, subrogees, representatives, and insurers

12       of Defendant' named.

13                          **JURISDICTION AND VENUE**

14  9.   Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. §

15       1692(k). In addition, pursuant to 28 U.S.C. §1367, this Court has

16       supplemental jurisdiction over Plaintiff's state law claims.

17  10.  This action arises out of Defendant's violations of: (i) the Fair Debt Collection

18       Practices Act, 15 U.S.C. §§ 1692-1692(p) ("FDCPA") and (ii) the Rosenthal

19       Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32

20       ("RFDCPA").

21  11.  Because Defendant is incorporated and conducts business within the State of

22       California, personal jurisdiction is established.

23  12.  Venue is proper in the United States District Court, Central District of

24       California pursuant to 28 U.S.C. § 1391 for the following reasons: (i)

25       Defendant's principal place of business is in County of Orange which is

26       within this judicial district; (ii) the conduct complained of herein occurred

27       within this judicial district; and, (iii) Defendant conducted business within this

28       judicial district at all times relevant.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

## PARTIES

13. Plaintiffs are natural persons who resides in the City of Redwood City, County of San Mateo, in the State of California, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiffs, and are "debtor(s)" as that term is defined by California Civil Code § 1788.2(h). In addition, Plaintiffs are natural persons allegedly obligated to pay a debt, and are "consumer(s)", as that term is defined by 15 U.S.C. § 1692a(3).

14. Defendant is a corporation incorporated in the State of California with a principle place of business in County of Orange, State of California. Defendant, in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by California Civil Code § 1788.2(c) and 15 U.S.C. 1692a(6).

15. Additionally, Defendant is a "person" who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a "debt collector" as that phrase is defined by 15 U.S.C. § 1692a(6).

16. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f) and a "debt" as that term is defined by 15 U.S.C. 1692a(5).

//
//
//

## FACTUAL ALLEGATIONS

17. At all times relevant, Plaintiffs are individuals residing within City of Redwood City, County of San Mateo, in the State of California.

18. Plaintiffs are informed and believe, and thereon allege, that at all times relevant, Defendant conducted business in the State of California.

19. Plaintiff are informed and believe, and thereon allege that sometime before July 15, 2015, Plaintiffs allegedly incurred financial obligations to an original creditor, Franklin Credit Management Corporation, that were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f) and 15 U.S.C. § 1692a(5).

20. Sometime thereafter, Defendant alleges that Plaintiff allegedly fell behind on the payments allegedly owed on the alleged debt. Plaintiff currently takes no position as to the validity of the alleged debt.

21. Subsequently, the alleged debt was allegedly assigned, placed, or otherwise transferred, to Defendant for collection activity.

22. On or about July 16, 2015, Defendant sent Plaintiff an initial written communication in regards to the alleged debt in an attempt to collected the alleged past due amount (the "Letter"). This Letter is considered a "communication" as 15 U.S.C. § 1692a(2) defines that term, and "debt collection" as that phrase is defined by Cal. Civ. Code § 1788.2(b).

23. Defendant's Letter demand Plaintiffs cure the alleged default within 30 days from the date of the letter. Specifically, the Letter states:

> "*Unless you cure the default by the thirtieth (30th) day from the date hereof, (or if said date falls on a Saturday, Sunday or legal holiday, then on the first business day thereafter), then immediately thereafter,*

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

*and without further demand or notice to you, our client shall declare the entire sum of both principal and interest immediately due and payable, and invoke any and all remedies…"*

24.   Although Defendant's Letter attempted to notify Plaintiffs of their right to dispute the validity of the debt, as required under the FDCPA, the language did not comply with the verbatim requirements of 15 U.S.C. § 1692g(a)(4) and (5); and, the Letter completely omitted the notice required under the Cal Civ. Code § 1812.700.

25.   Furthermore, and more importantly, subsequently to providing an incomplete notice of Plaintiffs' rights under the FDCPA and the RFDCPA, Defendant's Letter stated that:

*"[t]he activity contemplated in this paragraph (i.e., the paragraph attempting to notify Plaintiffs' of their debt collection rights) will not alter or extend any time period or activity set out in other paragraphs (i.e., the paragraph demanding Plaintiff cure the debt within 30 days)."*

26.   Through this conduct, Defendant violated 15 U.S.C §1692e and 15 U.S.C §1692e(10), which are incorporated into the RFDCPA through Cal. Civ. Code § 1788.17, by using false, deceptive, or misleading representations or means in connection with the debt collection, and false representations or deceptive means to collect a debt, by making the false representations that Plaintiffs must cure the alleged debt within 30 days from the date of the Letter, despite the fact that Plaintiffs actually have 30 days after receiving the Letter to dispute and have the debt validated. In other words, Defendant's Letter constitutes a demand for payment before the expiration of the validation period required under the FDCPA. This overshadowing of the FDCPA is confusing and misleading, especially from the perspective of the least sophisticated debtor. Through this conduct, Defendant has also violated Cal. Civ. Code § 1788.17.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

27. Through this conduct, Defendant violated 15 U.S.C §1692d, which is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17, by engaging in conduct, the natural consequence of which was to harass, oppress or abuse Plaintiffs.   Thus, Defendant has also violated Cal. Civ. Code § 1788.17.

28. Through this conduct, Defendant violated 15 U.S.C §1692d(2), which is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17, by using language that the natural consequence of which is to abuse the hearer. Thus, Defendant has also violated Cal. Civ. Code § 1788.17.

29. Through this conduct, Defendant violated 15 U.S.C. § 1692f, which is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17, by engaging in unfair or unconscionable means to collect or attempt to collect the alleged debt by making the false representations that Plaintiff must cure alleged debt within 30 days from the date of the Letter, despite the fact that Plaintiffs actually have 30 days after receiving the Letter to dispute and have the debt validated. In other words, Defendant's Letters constitutes a demand for payment before the expiration of the validation period required under the FDCPA. This overshadowing of the FDCPA is confusing and misleading, especially from the perspective of the least sophisticated debtor. Thus, Defendant has also violated Cal. Civ. Code § 1788.17.

30. Through this conduct, Defendant violated the RFDCPA by omitting the consumer collection notice required by Cal Civ. Code § 1812.700.

31. As a result of Defendant's deceptive and abusive debt collection practices, Plaintiffs, and each consumer that read Defendant's Letter, suffered an invasion of a legally protected interest under the FDCPA and the RFDCPA by being deceived about their consumer debt collection rights. The FDCPA and the RFDCPA protects consumers from this precise behavior.

32. Plaintiffs, and each consumer that read Defendant's Letter, were affected

personally because they believed Defendant's misrepresentations (i.e., that the deadlines to pay the alleged debts was 30 days from the date of the letter, despite the fact that Plaintiffs actually had 30 days after receiving the Letter to dispute and have the debts validated), which caused Plaintiffs anxiety and emotional distress, which in turn affected their personal life and wellbeing.

33. Plaintiffs' injuries are concrete as Defendant's misrepresentations are analogues to common law misrepresentation.

34. Furthermore, as stated in this Complaint's introduction, Congress and the California legislature recognized the aggressive, deceptive and abusive methods of debt collection by certain collection companies; and, in order to create a fair playing field and not give the abusive debt collectors a competitive advantage, Congress and the California legislature created laws such as the FDCPA and RFDCPA. Should the Defendant be allowed to harass, humiliate, abuse and deceive Plaintiffs in the manner described above, collectors that try to collect in a civilized manner will be put at a competitive disadvantage, which is a risk brought about by such violations.

35. Lastly, such transgressions by Defendant would progress to worse behavior if Congress and the California legislature had not created laws to give vulnerable consumers a voice through the statute alleged.

## CLASS ACTION

36. Plaintiffs bring this class action on behalf of themselves, and on behalf of all others similarly situated.

37. Plaintiffs define "the Class" as:

> **National Class**: All persons with addresses within the U.S. whom received Defendant's initial debt collection letter that omitted or obscured the notice required by 15 U.S.C. § 1692g, by demanding payment within 30 days from the date the letter is sent, within one year prior to the filing of the Complaint in this action.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

**Subclass**: All persons with addresses within the State of California whom received Defendant's initial debt collection letter that omitted the notice required by Cal Civ. Code § 1812.700, and/or omitted or obscured the notice required by 15 U.S.C. § 1692g and in violation of Cal. Civ. Code § 1788.17 by demanding payment within 30 days from the date the letter is sent, within one year prior to the filing of the Complaint in this action.

38. The proposed Classes exclude current and former officers and directors of Defendant, members of the immediate families of the officers and directors of Defendant, Defendant's legal representatives, heirs, successors, assigns, and any entity in which it has or has had a controlling interest, and the judicial officer to whom this lawsuit is assigned.

39. Plaintiffs do not know the exact number of persons in the Class, but believe them to be in the several hundreds, making joinder of all these actions impracticable.

40. The identity of the individual members is ascertainable through Defendant and/or Defendant's agents' records or by public notice.

41. There is a well-defined community of interest in the questions of law and fact involved affecting the members of the Class.  The questions of law and fact common to the Class predominate over questions affecting only individual class members, and include, but are not limited to, the following:

   a) Whether Defendant violated the FDCPA as described herein;

   b) Whether Defendant violated the RFDCPA as described herein;

   c) Whether members of the Class are entitled to the remedies under the FDCPA;

   d) Whether members of the Class are entitled to the remedies under the RFDCPA;

   e) Whether members of the Class are entitled to declaratory relief;

   f) Whether members of the Class are entitled to an award of reasonable

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

attorneys' fees and costs of suit pursuant to the FDPCA;

g) Whether members of the Class are entitled to an award of reasonable attorneys' fees and costs of suit pursuant to the RFDPCA;

h) Whether Defendant may satisfy Defendant's affirmative defense of bona fide error with regard to Defendant's violation of the FDCPA; and,

i) Whether Defendant may satisfy Defendant's affirmative defense of bona fide error with regard to Defendant's violation of the RFDCPA.

42. Plaintiffs will fairly and adequately protect the interest of the Class.

43. Plaintiffs have retained counsel experienced in consumer class action litigation and in handling claims involving unlawful debt collection practices.

44. Plaintiffs' claims are typical of the claims of the Class, which all arise from the same operative facts involving unlawful collection practices.

45. A class action is a superior method for the fair and efficient adjudication of this controversy.

46. Class-wide damages are essential to induce Defendant to comply with the federal and State laws alleged in the Complaint.

47. The interests of class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action under the FDCPA and the RFDCPA is $1,000 per statute. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims, e.g., securities fraud.

48. Defendant has acted on grounds generally applicable to the classes, thereby making appropriate final declaratory relief with respect to the class as a whole.

49. Plaintiff contemplates providing notice to the putative class members by direct mail in the form of a postcard-type notice and via Internet website.

50. Plaintiffs request certification of a class for monetary damages.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

# CAUSES OF ACTION

## COUNT I

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692-1692(p) (FDCPA)

### [AGAINST DEFENDANT]

51. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

52. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

53. As a result of each and every violation of the FDCPA, Plaintiffs are entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## COUNT II

### VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

### Cal. Civ. Code §§ 1788-1788.32 (RFDCPA)

### [AGAINST DEFENDANT]

54. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

55. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

56. As a result of each and every violation of the RFDCPA, Plaintiffs are entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorneys fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

//

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs pray that judgment be entered against Defendant for:

- That this action be certified as a class action on behalf of The Class, Plaintiffs be appointed as representatives of the Class and designating Plaintiffs' counsel as counsel for the Class;

- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1);

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a);

- An award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);

- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c);

- General damages according to proof, as to Plaintiffs;

- Special damages according to proof, as to Plaintiffs;

- Costs of suit incurred herein;

- Any and all other relief the Court deems just and proper.

//
//
//
//
//
//

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

### TRIAL BY JURY

57.   Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demands, a trial by jury.


Dated: July 7, 2016                    **KAZEROUNI LAW GROUP, APC**


                                  BY:   /s/ANDREI ARMAS
                                        ABBAS KAZEROUNIAN, ESQ.
                                        ANDREI ARMAS, ESQ.
                                        ATTORNEYS FOR PLAINTIFF

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone:   (619) 233-7770
Facsimile:   (619) 297-1022


**THE CARDOZA LAW CORPORATION**
Michael F. Cardoza, Esq. (SBN: 194065)
Mike.Cardoza@cardozalawcorp.com
548 Market St. #80594
San Francisco, CA 94104
Telephone:   (415) 488-8041
Facsimile:   (415) 651-9700