Brownstein Hyatt Farber Schreck, LLP
Jonathan C. Sandler (State Bar No. 227532)
JSandler@bhfs.com
2049 Century Park East, Suite 3550
Los Angeles, CA 90067
Telephone: 310.500.4600
Facsimile: 310.500.4602

Attorneys for Defendant
THE WOLF FIRM, A LAW CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| ROSA CALDERON and JAVIER CALDERON, Individually And On Behalf Of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>THE WOLF FIRM, A LAW CORPORATION,<br><br>Defendant. | Case No. 8:16-cv-01266-JLS-KES<br><br>Hon. Josephine L. Stanton<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS CLASS ACTION COMPLAINT FILED BY DEFENDANT THE WOLF FIRM, A LAW CORPORATION**<br><br>DATE: October 21, 2016<br>TIME: 2:30 p.m.<br>JUDGE: Hon. Josephine L. Stanton<br>CTRM: 10A |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN THAT on October 21, 2016, at 2:30 p.m., before the Honorable Josephine L. Stanton, in Courtroom 10A of the United States Courthouse for the Central District of California, Southern Division, 411 West 4th Street, Santa Ana, California, 92701, Defendant The Wolf Firm, A Law Corporation ("Wolf Law") will and hereby does move the Court to dismiss the Class Action Complaint for Damages and Injunctive Relief for Violation of (1) The

Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq.; and, (2) The Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788, et seq. (Docket #1).

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on August 29, 2016.  Counsel were unable to reach a resolution other than to the date for hearing of the motion.

As set forth in the accompanying Memorandum and Points and Authorities, there is good cause for the relief requested.  Plaintiffs' Complaint fails as a matter of law because: (1) Defendant Wolf  Law was not collecting a "debt" and therefore is exempt from Plaintiffs' claims under the FDCPA; (2) even if Wolf Law was collecting a "debt," it nevertheless complied with the requirements of the FDCPA; and, (3) Plaintiffs admit they did not contest the validity of the debt, which is a threshold issue for their FDCPA claims.  Finally, as Plaintiffs' state court claims under the RFDCPA cannot form the basis for an FDCPA claim, and since Plaintiffs' FDCPA claims fail, the Court should refrain from exercising supplemental jurisdiction over Plaintiffs' state court claims and remand this matter to state court to have them decided.  Plaintiffs' claims fail as a matter of law and any amendment to their Complaint would be futile as a matter of law.[1]

This Motion is based on this Notice of Motion and Motion; the accompanying Memorandum and Points and Authorities; the pleadings and papers filed in this action; the Declaration of Jonathan C. Sandler; and such further argument and matters as may be offered at the time of the hearing of this Motion.

---

[1] Defendant Wolf Law will address the merits of Plaintiffs' class action under Rule 23 when and if Plaintiffs file their motion for class certification, and as such, Wolf Law reserves any and all defenses it has to Plaintiffs' motion for class certification.

| | | |
|---|---|---|
| 1 | Dated: September 2, 2016 | BROWNSTEIN HYATT FARBER SCHRECK, LLP |
| 2 | | |
| 3 | | |
| 4 | | By: /s/ Jonathan C. Sandler |
| | | JONATHAN C. SANDLER |
| | | Attorneys for Defendant |
| 5 | | THE WOLF FIRM, A LAW CORPORATION |

BROWNSTEIN HYATT FARBER SCHRECK, LLP
2049 Century Park East, Suite 3550
Los Angeles, CA 90067

**TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................................... 1
II. FACTS ..................................................................................................................... 2
III. ARGUMENT .......................................................................................................... 4
   A.   Standard of Review ........................................................................................ 4
   B.   Wolf Law Was Not Collecting a "Debt" and Therefore Is Exempt From the FDCPA .......................................................................................................... 5
   C.   Even IF Wolf Law Were Collecting A "Debt," It Nevertheless Complied With The Requirements Of The FDCPA ........................................................ 6
   D.   Plaintiffs Admit They Did Not Contest The Validity Of Debt, Which Is A Threshold Issue For The 15 U.S.C. 1692g Claim ........................................... 9
   E.   Plaintiffs' State Court Claims Under The RFDCPA Cannot Form The Basis For An FDCPA Claim And Since Plaintiffs' FDCPA Claims Fail As A Matter Of Law, The Court Should Decline To Exercise Supplemental Jurisdiction Over Plaintiffs' State Court Claims. .......................................... 10
IV. CONCLUSION .................................................................................................... 12

BROWNSTEIN HYATT FARBER SCHRECK, LLP
2049 Century Park East, Suite 3550
Los Angeles, CA 90067

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Andersen v. State Collection Service, Inc.*,
  822 N.W.2d 737, 2012 WL 4094271 (Wis., Sept. 19, 2012) ................................ 7

*Beeks v. ALS Lien Servs.*,
  2014 WL 7785745 (C.D. Cal. Feb. 18, 2014) ...................................................... 7

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ............................................................................................. 4

*Conservation Force v. Salazar*,
  646 F.3d 1240 (9th Cir. 2011) ............................................................................. 4

*Elliot v. Credit Control Services, Inc.*,
  2010 WL 1495402 (S.D.2010) .......................................................................... 10

*Hanaway v. JPMorgan Chase Bank*,
  2011 WL 672559 (C.D. Cal. Feb. 15, 2011) ....................................................... 5

*Heinemann v. Jim Walter Homes, Inc.*,
  47 F.Supp.2d 716 (D.W.Va.1998) ....................................................................... 5

*Hipolito v. All. Receivables Mgmt., Inc.*,
  2005 WL 1662137 (N.D. Cal. July 15, 2005) ..................................................... 8

*Hulse v. Ocwen Federal Bank, FSB*,
  195 F.Supp.2d 1188 (D.Or.2002) ........................................................................ 6

*Izenberg v. ETS Services, LLC*,
  589 F.Supp.2d 1193 (C.D.Cal.2008) ................................................................... 5

*Khosroabadi v. N. Shore Agency*,
  439 F. Supp. 2d 1118 (S.D. Cal. 2006) .............................................................. 11

*Lee v. City of Los Angeles*,
  250 F.3d 668 (9th Cir. 2001) ............................................................................... 5

*Luna v. All. One Receivables Mgmt., Inc.*,
  2006 WL 357823 (N.D. Cal. Feb. 16, 2006) ..................................................... 12

BROWNSTEIN HYATT FARBER SCHRECK, LLP
2049 Century Park East, Suite 3550
Los Angeles, CA 90067

i

NOTICE OF MOTION AND MOTION TO
DISMISS CLASS ACTION COMPLAINT
8:16-CV-01266-JLS-KES

*Lyles v. Ford Motor Credit Co.*,
  2012 WL 7687772 (C.D. Cal. Dec. 17, 2012) ....................................................... 10

*Moss v. United States Secret Service*,
  572 F.3d 962 (9th Cir. 2009) ................................................................................... 4

*In re Nordeen*,
  495 B.R. 468 (B.A.P. 9th Cir. 2013) ....................................................................... 6

*Palmer v. Stassinos*,
  348 F. Supp. 2d 1070 (N.D. Cal. 2004) .................................................................. 8

*Renick v. Dun & Bradstreet Receivable Mgmt. Servs.*,
  290 F.3d 1055 (9th Cir. 2002) ................................................................................ 8

*Riggs v. Prober & Raphael*,
  681 F.3d 1097 (9th Cir.2012) ................................................................................. 8

*In re Sanchez*,
  173 F.Supp.2d 1029 (N.D.Cal.2001) ...................................................................... 8

*Schlegel v. Wells Fargo Bank, NA*,
  720 F.3d 1204 (9th Cir. 2013) ................................................................................ 6

*Seanson v. Southern Oregon Credit Service, Inc.*,
  869 F.2d 1222 (9th Cir. 1988). ............................................................................... 9

*In re Silicon Graphics Inc. Sec. Litig.*,
  183 F.3d 970 (9th Cir. 1999) .................................................................................. 5

**Statutes**

15 U.S.C. § 1692a(5) ................................................................................................... 5

15 U.S.C. § 1692d ............................................................................................. 4, 9, 10

15 U.S.C. § 1692d(2) ................................................................................................... 4

15 U.S.C. § 1692e ............................................................................................... *passim*

15 U.S.C. § 1692f ........................................................................................ 4, 9, 10, 11

15 U.S.C. § 1692g ............................................................................................ 8, 9, 11

15 U.S.C. § 1692g ............................................................................................... 6, 10

BROWNSTEIN HYATT FARBER SCHRECK, LLP
2049 Century Park East, Suite 3550
Los Angeles, CA 90067

15 U.S.C. § 1692g(a)(4) .................................................................................... 3, 7

15 U.S.C. § 1692g(a)(5) .................................................................................... 3, 7

Cal. Civ. Code § 1788.17 ................................................................................. 4, 10

Cal. Civ. Code § 1812.700 .................................................................................... 4

Cal. Civ. Code § 2924 ........................................................................................... 5

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

In a flawed attempt to turn hardship into profit, Plaintiffs, Rosa and Javier Calderon assert federal and state debt collection claims against Defendant, The Wolf Firm, A Law Corporation ("Wolf Law") arising out of their 2015 foreclosure. Plaintiffs' baseless claims are asserted not only on their own behalf, but purportedly on behalf of a class of consumers. Plaintiffs should not be rewarded with a windfall.

Wolf Law did not violate the federal Fair Debt Collection Practices Act because it was not attempting to collect a "debt," which is a predicate to violation of the Act. Instead, in the case at hand, Wolf Law was exercising its client's rights to foreclose on a security interest, which does not involve an obligation by plaintiffs to pay any money. This distinction is critical to the definition of "debt" under the Act. Thus, Wolf Law's actions fall outside of the Act and so cannot form a basis for Plaintiffs' federal claims.

Even if it were collecting a debt, the Complaint demonstrates that Wolf Law would have complied with the requisites set forth in the Act. Plaintiffs argue that Wolf Law sent Plaintiffs a letter that failed to comply with the disclosure obligations under the Act regarding Plaintiffs' rights to contest the validity of their mortgage debt within thirty days of receiving the letter. However, Plaintiffs' pleading makes two admissions that are fatal to this claim. First, they admit that they never contested the validity of the debt and, more importantly do not contest it now. In order to assert a disclosure claim under the Act, plaintiffs must actually contest the validity of the debt and failure to do so warrants a motion to dismiss. Second, Plaintiffs admit that the letter they received informed them that they could contest the validity of their debt. In other words, the letter contained the very disclosure Plaintiffs claim it did not.

To skirt these crucial admissions, Plaintiffs argue that even though the letter

contained the necessary disclosure, it was "overshadowed" by another provision in the letter that said Wolf Law would continue to collect the debt within the thirty-day time period. While Wolf Law is not a debt collector, assuming arguendo that it was, courts in this jurisdiction and others have expressly held that a debt collector can continue to attempt to collect a debt during this thirty-day period. Indeed, no court has ever held that the language in Wolf Law's letter (or comparable) is a violation of the Act. As such, Plaintiffs' claims fail as a matter of law and no amendment to Plaintiffs' complaint could save them.

Importantly, courts in this jurisdiction have held that failing to comply with the federal Act alone cannot and does not serve as a basis for a violation of California's Rosenthal Fair Debt Collection Practices Act. Likewise, a violation of the Rosenthal Act does not in turn serve as a violation of the federal Act. Thus, at best, to the extent Plaintiffs have any remaining state court claims, this Court should decline to exercise supplemental jurisdiction over those claims and remand this matter to state court.

For these reasons, as discussed in more detail below, this Court should grant Defendant Wolf Law's Motion to Dismiss because Plaintiffs' claims fail as a matter of law and any amendment would be futile.

## II. FACTS

The following facts are undisputed and are the only facts the Court need consider in ruling on this Motion:

- Plaintiffs, Rosa and Javier Calderon ("Plaintiffs") are residents of the City of Redwood California. Complaint, ¶ 13.
- Plaintiffs admit they owe an outstanding debt to a creditor, Franklin Credit Management Corporation ("Franklin Credit"). *Id*.
- On July 16, 2015, Defendant, The Wolf Firm, A Law Corporation ("Wolf Law") sent Plaintiffs a letter ("Letter") informing them that they were in default on their note and deed of trust ("Mortgage") to Franklin Credit.

*Id*. at ¶¶ 20; 22.

- The Letter informed the Plaintiffs that they had thirty days to contest the validity of the debt. *Id*. at ¶¶ 23-24. Specifically, the Letter, as referenced in Plaintiffs' Complaint, states as follows:

  > "You may dispute the validity of the debt or any portion thereof. If you do so in writing within thirty (30) days of receipt of this letter, this firm will obtain and provide you with written verification thereof; otherwise, the debt will be assumed valid. Likewise, you may request the name and address of the original creditor if different from above. The activity contemplated in this paragraph will not alter or extend any time period or activity set out in other paragraphs." *Id*.

- As such, the Letter advised that if the Plaintiffs did not cure their default within thirty days, Wolf Law's client, Franklin Credit, would declare the debt due and payable and would invoke its legal rights, including its right to foreclosure. *Id*. at ¶ 23.

- Plaintiffs did not exercise their rights to contest the validity of the debt at the time they received the Letter and do not contest it now. *Id*. at ¶ 20 ("Plaintiff currently takes no position as to the validity of the alleged debt.")

Based on these undisputed facts, Plaintiffs assert the following claims:

1. Wolf Law violated the FDCPA because the Letter did not comply with the disclosure requirements under 15 U.S.C. § 1692g(a)(4) and (5) requiring Wolf Law to inform Plaintiffs they have thirty days to contest the validity of their debt.

2. In turn, by allegedly violating the disclosure requirements, Plaintiffs allege Wolf Law violated other provisions of the FDCPA including: (i) the FDCPA's prohibition on false, deceptive, and misleading

representations 15 U.S.C. § 1692e; (ii) engaging in conduct, the natural consequence of which was to harass, oppress, or abuse, as prohibited under 15 U.S.C. § 1692d; (iii) engaging in conduct the natural consequence of which is to abuse the hearer, as prohibited under 15 U.S.C. § 1692d(2); and, (iv) engaging in unfair or unconscionable conduct, as prohibited under 15 U.S.C. § 1692f.

3. Wolf Law's alleged predicate violations of the FDCPA violated the RFDPCA, Cal. Civ. Code § 1788.17.

4. Wolf Law violated the RFDCPA because the Letter did not include the notice required under Cal. Civ. Code § 1812.700.

As discussed below, each of Plaintiffs' claims are unsupported by the facts and otherwise fail as a matter of law.

### III. ARGUMENT

#### A. Standard of Review

Wolf Law brings this motion under Federal Rule of Civil Procedure 12(b)(6). Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (internal citations omitted); *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). In connection with

the Court's analysis, it can consider references to documents and exhibits submitted with or alleged in the complaint. *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999); *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

### B. Wolf Law Was Not Collecting a "Debt" and Therefore Is Exempt From the FDCPA

In order to violate the FDCPA provisions Plaintiffs assert, a party must be attempting to collect a "debt." The Act defines "debt" to mean: "[a]ny obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. §1692a(5).

Critically, the mortgage at issue here does not fall within the definition of "debt" because it does not require Plaintiffs to pay any money. Courts in this jurisdiction and others have held that a mortgage is not a debt because the foreclosure or collection of a mortgage does not obligate the consumer to pay any money. *See Hanaway v. JPMorgan Chase Bank*, SACV-10-1809-DOC-PLA, 2011 WL 672559, at *3–4 (C.D. Cal. Feb. 15, 2011) ("In short, a debt is a monetary obligation, and a debt collection action aims to compel payment of this obligation. ***The aim of a foreclosure, however, is entirely distinct from the aim of a debt collection action. With a foreclosure, the trustee exercises his power of sale, which is security against the breach of the obligation***. Cal. Civ. Code § 2924…. Since a transfer in interest is the aim of a foreclosure and not a collection of debt, the foreclosure proceeding is not a debt collection action under the FDCPA.") (emphasis added); *see also Izenberg v. ETS Services, LLC*, 589 F.Supp.2d 1193, 1199 (C.D.Cal.2008) (same); *Heinemann v. Jim Walter Homes, Inc.*, 47 F.Supp.2d 716, 722 (D.W.Va.1998), *aff'd*, 173 F.3d 850 (4th Cir.1999) (finding that a foreclosure proceeding pursuant to a deed of trust was not a basis for a FDCPA

violation); *In re Nordeen*, 495 B.R. 468, 488 (B.A.P. 9th Cir. 2013) ("Foreclosing on a trust deed is distinct from the collection of the obligation to pay money" and is "not an attempt to collect funds from the debtor."); *Hulse v. Ocwen Federal Bank, FSB*, 195 F.Supp.2d 1188, 1204 (D.Or.2002) ("[p]ayment of funds is not the object of the foreclosure action. Rather the lender is foreclosing its interest in the property."); *c.f. Schlegel v. Wells Fargo Bank, NA*, 720 F.3d 1204, 1208-09 (9th Cir. 2013) (finding that a foreclosure is not a "debt" and therefore the defendant, Wells Fargo, was not a "debt collector.")

Since Wolf Law was not collecting debt in connection with its Letter to the Plaintiffs, the only letter that forms the basis for the allegations in the Complaint, it cannot be found to have violated the FDCPA. As such, Plaintiffs' FDCPA claims should be dismissed.

## C. Even IF Wolf Law Were Collecting A "Debt," It Nevertheless Complied With The Requirements Of The FDCPA

Assuming arguendo, even if Wolf Law is found to have been attempting debt collection at the time it sent the Letter to the Plaintiffs, Plaintiffs fail to otherwise demonstrate Wolf Law violated the FDCPA. As stated above, Plaintiffs' primary FDCPA claim is that Wolf Law violated the FDCPA's disclosure requirements under 15 U.S.C. §1692g. To the extent Wolf Law's actions are covered by the FDCPA, the disclosure requirements require Wolf Law to send Plaintiffs certain notices within 5 days of its initial communication:

(1) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(2) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address

of the original creditor, if different from the current creditor.

15 U.S.C. §§ 1692g(a)(4) – (5).  Plaintiffs allege Wolf Law did not properly make these disclosures.

Despite Plaintiffs' allegations, they admit that the Letter contained the following disclosures, which track the disclosure requirements of the FDCPA:

> "You may dispute the validity of the debt or any portion thereof.  If you do so in writing within thirty (30) days of receipt of this letter, this firm will obtain and provide you with written verification thereof; otherwise, the debt will be assumed valid.  Likewise, you may request the name and address of the original creditor if different from above.  The activity contemplated in this paragraph will not alter or extend any time period or activity set out in other paragraphs."  Complaint, §§ 23-24.

Plaintiffs argue that even though Wolf Law made these disclosures, they were not "verbatim" to the requirements of the FDCPA. *Id*. § 24.  First, that is not required. *See e.g. Andersen v. State Collection Service, Inc.*, 822 N.W.2d 737, 2012 WL 4094271, at *2 (Wis., Sept. 19, 2012) (finding that defendant did not violate the FDCPA even though it did not quote the language of the Act verbatim). Second, if the Court compares the language of the statute with the language of the Letter, it is as close to verbatim as the Letter could be while still conveying the name of the consumer, the name of the debtor, or a timeframe at issue.

Perhaps recognizing their claims are fatal, Plaintiffs argue in the alternative that even if Wolf Law provided such disclosures, these disclosures were "overshadowed" by language in the Letter.  Courts in this jurisdiction and jurisdictions across the country have flatly rejected Plaintiffs' argument. *See e.g. Beeks v. ALS Lien Servs.*, CV 12-2411 FMO PJWX, 2014 WL 7785745, at *15 (C.D. Cal. Feb. 18, 2014) ("Plaintiff contends that defendant's statement that

'disputing the debt may not stop the collection process' is contrary to § 1692g(b), and therefore constitutes an express or implied threat to take action which cannot legally be taken in violation of § 1692e(5) and a false representation or deceptive means to collect or attempt to collect any debt in violation of § 1692e(10). However, the statement . . . appears to be an accurate reflection of § 1692g(b), which states that collection activities 'may continue' unless the debtor has notified the debt collector in writing that the debt is disputed.") (citing *Riggs v. Prober & Raphael*, 681 F.3d 1097, 1102 (9th Cir.2012); *In re Sanchez*, 173 F.Supp.2d 1029, 1034 (N.D.Cal.2001) ("The first purpose of a non-written § 1692g(a)(3) dispute would be to provide an initial, informal red flag to the debt collectors. However, the debt collectors would not be forced to cease debt collection activities under § 1692g(b) because § 1692g(b) requires a written notice.")); *Renick v. Dun & Bradstreet Receivable Mgmt. Servs.*, 290 F.3d 1055, 1057 (9th Cir. 2002) ("The request for a prompt payment therefore "d[id] not contradict the admonition that the debtor has thirty days to contest the validity of the debt" and "d[id] not threaten or encourage the least sophisticated debtor to waive his statutory right to challenge the validity of the debt."); *Hipolito v. All. Receivables Mgmt., Inc.*, C-05-0842 JCS, 2005 WL 1662137, at *6 (N.D. Cal. July 15, 2005) ("The demand for payment to be made in full does not require payment within a specific time period that is less than the thirty-day period specified in the notice…. Rather, it would be evident even to the least sophisticated debtor that the debtor also had the alternative of challenging the debt within 30 days, as stated in the verification information that follows the pay-in-full language, in the same font. Under these circumstances, the Court concludes, as a matter of law, that the pay-in-full language is not misleading and does not violate § 1692g."); *Palmer v. Stassinos*, 348 F. Supp. 2d 1070, 1086 (N.D. Cal. 2004), order clarified on reconsideration, 419 F. Supp. 2d 1151 (N.D. Cal. 2005) (same). This Court should follow this precedent and reject Plaintiffs' overshadowing claims.

To further illustrate this point, the Court should consider a case where the defendants' language was found to have overshadowed the mandatory FDCPA disclosure requirements. In *Seanson v. Southern Oregon Credit Service, Inc.*, the letter demanded payment within ten days, and it buried the 30-day disclosure language "at the very bottom of the form in small, ordinary face type," which in comparison to the ten-day payment demand, was "dwarfed by a bold faced, underlined message three times the size which dominates the center of the page." 869 F.2d 1222, 1226 (9th Cir. 1988). Here, Plaintiffs have failed to show Wolf Law even came close to this level of overshadowing; Plaintiffs admit the letter made the necessary disclosures; Plaintiffs do not allege it used font that was too small or too big, text that was too bold or buried by other tactics, or variations in timing (*e.g.* that the borrower has 30 days to contest the debt, but 10 days to pay) that would have confused the average consumer – even under the least sophisticated consumer standard adopted by courts. As such, Plaintiffs' allegation that Wolf Law violated the mandatory disclosure requirements under 15 U.S.C. § 1692g falls short of the type of overshadowing courts require to overcome the plain language of the letter.

Because Plaintiffs' disclosure claim fails, Plaintiffs' derivative claims for harassment or abuse under 15 U.S.C. § 1692d, false or misleading representations under 15 U.S.C. § 1692e, and unfair practices under 15 U.S.C. § 1692f, which are all premised on their disclosure claim, must fail too.

D. **Plaintiffs Admit They Did Not Contest The Validity Of Debt, Which Is A Threshold Issue For The 15 U.S.C. 1692g Claim**

Plaintiffs' disclosure claim under 15 U.S.C. § 1692g fails for an additional and independent reason: Plaintiffs have failed to allege that they actually contested the validity of the debt. In order to assert a claim under 15 U.S.C. § 1692g, courts require proof that the plaintiff contested the validity of the debt within thirty days. *See Lyles v. Ford Motor Credit Co.*, SACV 12-1736 AG RNBX, 2012 WL

7687772, at *4 (C.D. Cal. Dec. 17, 2012) ("Plaintiff alleges that she notified the MacDowell Defendants that she disputed the debt on May 19, 2012, more than 30 days after Plaintiff allegedly received notice on March 15, 2012. The Court therefore also GRANTS Defendants' Motion to Dismiss Plaintiff's Section 1692g claim against the MacDowell Defendants."); *Elliot v. Credit Control Services, Inc.*, 2010 WL 1495402, at *2–3 (S.D.2010) (holding that in addition to showing "overshadowing," a plaintiff asserting violation of Section 1692g must allege that the defendant sent the communication and the plaintiff disputed the debt within 30 days.)

Here, Plaintiffs do not allege they contested the validity of the debt within thirty days. Instead, they admit that they have never contested the validity of the debt and take no position on the validity of the debt now. Complaint at ¶ 20. ("Plaintiff currently takes no position as to the validity of the alleged debt.") As such, the Court must dismiss Plaintiffs' disclosure claim under 15 U.S.C. §1692g. And because Plaintiffs' disclosure claim fails, Plaintiffs' derivative claims under 15 U.S.C. §§ 1692d, 1692e, and 1692f, which are all premised on their disclosure claim, must fail too.

E.  **Plaintiffs' State Court Claims Under The RFDCPA Cannot Form The Basis For An FDCPA Claim And Since Plaintiffs' FDCPA Claims Fail As A Matter Of Law, The Court Should Decline To Exercise Supplemental Jurisdiction Over Plaintiffs' State Court Claims.**

Plaintiffs make two arguments related to their RFDCPA claims: (1) Plaintiffs allege Wolf Law failed to include the mandatory disclosure required under Cal. Civ. Code § 1788.17 as required under the RFDCPA; (2) Wolf Law violated the FDCPA by in turn allegedly violating the RFDCPA. Plaintiffs' argument, however, has been rejected by California federal courts. In *Khosroabadi v. N. Shore Agency*, the Plaintiff made a similar argument that because the

defendant's letter failed to comply with the RFDCPA, it in turn violated the FDCPA. 439 F. Supp. 2d 1118, 1124–25 (S.D. Cal. 2006). The court disagreed:

> "A finding that Defendant violated the FDCPA because it did not include the state notice provision in its letter would impermissibly expand the scope of the FDCPA. If one were to interpret the FDCPA in accord with Plaintiff's assertions, a debt collector in any state, when communicating with a debtor in writing, would be required to include the Rosenthal Act notice provision or risk violating 15 U.S.C. § 1692e. However, if this were Congress's intent, Congress would have incorporated the substantive notice requirements of the Rosenthal Act into the FDCPA. From the plain text of the FDCPA, it is clear that Congress determined that 15 U.S.C. § 1692g's notice provisions were adequate." *Id.* (internal citations omitted).

Because the alleged failure to comply with RFDCPA cannot form the basis of an FDCPA claim, the Court does not have original jurisdiction to hear Plaintiffs' remaining state court claims. *Id*. When placed in this position, particularly when it is shown Defendants complied with the federal disclosure statutes which provide the same level of notice as the state version, courts have declined to exercise supplemental jurisdiction. *Id*. ("The letter informed Plaintiff that she could have contested the debt or requested more information about the debt or her creditor. Reading defendant's letter from the standpoint of a least sophisticated debtor, the Court concludes that it was not false, deceptive, or misleading in violation of § 1692e. Nor was the letter an unfair or unconscionable means of collecting a debt in violation of § 1692f. Furthermore, Plaintiff has not set forth any information to show that the letter actually misled or deceived her. While the inclusion of the Rosenthal Act notice provision could have provided Plaintiff with additional information about proper debt collection practices as well as resources for her to consult, it was not a necessary component to avoid a violation of the FDCPA."); *see*

*also Luna v. All. One Receivables Mgmt., Inc.*, C 05-04751 JF, 2006 WL 357823, at *4 (N.D. Cal. Feb. 16, 2006) (same). This Court should do the same.

## IV. CONCLUSION

For the foregoing reasons, Defendant Wolf Law respectfully requests the Court dismiss Plaintiffs' Complaint with prejudice as any amendment would be futile as a matter of law.

Dated: September 2, 2016

BROWNSTEIN HYATT FARBER SCHRECK, LLP

By: /s/ Jonathan C. Sandler
JONATHAN C. SANDLER
Attorneys for Defendant
THE WOLF FIRM, A LAW CORPORATION