Brownstein Hyatt Farber Schreck, LLP
Jonathan C. Sandler (State Bar No. 227532)
JSandler@bhfs.com
2049 Century Park East, Suite 3550
Los Angeles, CA  90067
Telephone:  310.500.4600
Facsimile:  310.500.4602

Attorneys for Defendant
THE WOLF FIRM, A LAW CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| ROSA CALDERON and JAVIER CALDERON, Individually And On Behalf Of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>THE WOLF FIRM, A LAW CORPORATION,<br><br>Defendant. | Case No.  8:16-cv-01266-JLS-KES<br><br>**DEFENDANT THE WOLF LAW FIRM, A LAW CORPORATION'S SUPPLEMENTAL BRIEF IN SUPPORT OF ITS MOTION TO DISMISS ADDRESSING NEW AUTHORITY**<br><br>DATE:     November 18, 2016<br>TIME:      2:30 p.m.<br>JUDGE:   Hon. Josephine L. Staton<br>CTRM:    10A |

Before this Court is Defendant The Wolf Firm, a Law Corporation's ("Wolf Law") Motion to Dismiss Class Action Complaint ("Motion").  (Mot., Doc. 15). On October 20, 2016, the Court ordered the parties to file supplemental briefs addressing the ruling before the United States Court of Appeals for the Ninth Circuit in *Vien-Phuong Thi Ho v. ReconTrust Co., N.A., et al.* No. 10-cv00741-GW-SS ("Order").  Wolf Law agrees that Order is relevant to the case at hand and contends that it supports the Motion.  Wolf Law hereby states as follows:

1. The decision by the Appellate Court is relevant to the case at hand for the following reasons: The Ninth Circuit established that a foreclosure is not "debt"

as defined under the FDCPA because it is not an "obligation of a consumer to pay money." Order at * 8 (ellipses omitted, citing 15 U.S.C. § 1692a(5), which defines "debt"):

> "The object of a non-judicial foreclosure is to retake and resell the security, not to collect money from the borrower. California law does not allow for a deficiency judgment following non-judicial foreclosure… Thus, actions taken to facilitate a non-judicial foreclosure, such as sending the notice of default and notice of sale, are not attempts to collect 'debt' as that term is defined by the FDCPA." *Id.* at 8-9.

2. In *Ho,* the plaintiff alleged that, ReconTrust Co., N.A. ("ReconTrust"), which was acting as foreclosure trustee, violated the Fair Debt Collection Practices Act ("FDCPA") because it sent plaintiff a letter that allegedly misrepresented the amount of debt owed. *See* Order at *7 (citing U.S.C. § 1692e(2)(A)).[1] ReconTrust argued it was exempt from the FDCPA because the foreclosure was not the collection of "debt," as defined. *Id.* The Court agreed. *Id.*

3. Like the plaintiff in *Ho,* Plaintiffs' complaint focuses on a letter Wolf Law sent in connection with a foreclosure. Plaintiffs allege Wolf Law violated the FDCPA because the letter allegedly failed to (1) comply with the disclosure requirements under 15 U.S.C. §§ 1692g(a)(4)-(5) requiring Wolf Law to inform Plaintiffs that they have thirty days to contest the validity of their debt; (2) violated the FDCPA's more general prohibitions on unfair abusive acts under 15 U.S.C. §§ 1692(e) and (d). But as the Court held in *Ho*, and Wolf Law argued in its Motion, since foreclosures are exempt under the FDCPA, the letter sent in connection with Plaintiffs' foreclosure cannot serve as the basis of an FDCPA claim.

4. Additionally, the *Ho* decision is relevant and instructive because the Ninth Circuit did not draw a distinction between communications sent before the

---

[1] This specific provision for the FDCPA is not at issue in the case at hand, but is being referenced for completeness.

initiation of a foreclosure proceeding: "the prospect of having property repossessed may, of course, be an inducement to pay off a debt. But that inducement exists by virtue of the lien, *regardless of whether foreclosure proceedings actually commence*." Order, 9. (emphasis added).

5. In the case pending before this Court, Plaintiffs argue that this Court must draw a distinction between communications sent during an actual foreclosure proceeding, which Plaintiffs concede are not covered under the FDCPA, and communications in advance of the foreclosure, which Plaintiffs argue are covered. *See* Plaintiffs' Opposition to Defendant's Motion to Dismiss Plaintiff's Class Action Complaint, at 9. The Appellate Court did not draw that distinction in the *Ho* case and thus it would be improper for the Court to make such a distinction here.

6. Finally, the Ninth Circuit noted that the use of a disclaimer, *e.g.* "ReconTrust is a debt collector attempting to collect a debt," is not relevant to its analysis. "'Debt collector' isn't an elective category. It's determined objectively, based on the activities of the entity in question." Order, at 13. In the case pending before this Court, Plaintiffs make the same argument as the Ninth Circuit rejected.

7. Thus, based upon the Ninth Circuit's recent holding and the "majority" of courts that follow its reasoning, this Court should dismiss Plaintiffs' FDCPA claims against Wolf Law because foreclosures are not "debt" for the purposes of the FDCPA. *See* Order, FN 3.

Dated: November 4, 2016

BROWNSTEIN HYATT FARBER SCHRECK, LLP

By: /s/ Jonathan C. Sandler
JONATHAN C. SANDLER
Attorneys for Defendant
THE WOLF FIRM, A LAW CORPORATION