UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:16-cv-1266-JLS-KESx                                   Date: November 14, 2016
Title: Rosa Calderon, et al. v. The Wolf Firm

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

|  Terry Guerrero  |        N/A       |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                            Not Present

**PROCEEDINGS:   (IN CHAMBERS)  ORDER GRANTING DEFENDANT'S MOTION TO DISMISS CLASS ACTION COMPLAINT (Doc. 15)**

Before the Court is Defendant The Wolf Firm's Motion to Dismiss Class Action Complaint.  (Mot., Doc. 15.)  Plaintiffs Rosa Calderon and Javier Calderon opposed, and Defendant replied.  (Opp. I, Doc. 17; Opp. II, Doc. 20; Reply I, Doc. 19; Reply II, Doc. 21.)  The Court finds this matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. R. 7-15.  Accordingly, the hearing set for November 18, 2016, at 2:30 p.m., is VACATED.  Having read and considered the parties' briefs, the Court GRANTS the Motion.

**I.   BACKGROUND**

This dispute arises out of a demand letter Defendant mailed to Plaintiffs regarding the status of their mortgage.[1]  (*See* Compl. ¶¶ 22–23, Doc. 1; Demand Letter, Doc. 23-1.)  In this letter, Defendant informed Plaintiffs that they were in default on their mortgage, and unless they cured the default, Franklin Credit Management Corporation would invoke "any and all remedies" including instituting foreclosure proceedings.  (Demand

---
[1] While the Complaint does not identify that Plaintiffs' debt arises out of a mortgage, the letter which is referenced in the Complaint and which forms the basis of the claim identifies the debt as a mortgage.

**CIVIL MINUTES – GENERAL**               1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:16-cv-1266-JLS-KESx                                              Date: November 14, 2016

Title:  Rosa Calderon, et al. v. The Wolf Firm

Letter.)  Plaintiffs filed a complaint alleging that the letter violated the Fair Debt Collection Practices Act ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA").  (Compl. ¶¶ 24–30.)

Defendant now moves to dismiss Plaintiffs' complaint.[2]  (Mot.)

## II.   LEGAL STANDARD

In deciding a motion to dismiss under Rule 12(b)(6), courts must accept as true all "well-pleaded factual allegations" in a complaint.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Furthermore, courts must draw all reasonable inferences in the light most favorable to the non-moving party.  *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).  However, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  Although a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ."  *Twombly*, 550 U.S. at 555.  Thus, a complaint must (1) "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively[,]" and (2) "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation."  *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

---

[2] In their first Opposition to the instant Motion, Plaintiffs argued that the Court should strike the Motion for failure to comply with Rule 7-3.  (Opp. I.)  The Court declines to do so.  Defendant's failed to strictly comply with Rule 7-3's time requirements only because Plaintiffs were unavailable to meet and confer until four days before the deadline to file a responsive pleading.  (Reply I at 2–3; Sandler Decl., Ex. 1, Doc. 19-2; *see also* Mot.; Order Extending Time to Respond, Doc. 11.)

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  8:16-cv-1266-JLS-KESx | Date: November 14, 2016 |
| Title:  Rosa Calderon, et al. v. The Wolf Firm | |

### III.　DISCUSSION

"The FDCPA subjects 'debt collectors' to civil damages for engaging in certain abusive practices while attempting to collect debts."  *Ho v. ReconTrust Co.*, No. 10-56884, 2016 WL 6091564, at *3 (9th Cir. Oct. 19, 2016) (citing 15 U.S.C. §§ 1692d–f, 1692k).  "The FDCPA imposes liability only when an entity is attempting to collect debt."  *Id.* (citing 15 U.S.C. § 1692(e)).  The term "debt" means "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment."  15. U.S.C. § 1692a(5).  The term "debt collector" refers to "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. § 1692a(6).

Defendant argues that it cannot be held liable under the FDCPA because it was exercising its client's rights to foreclose on a security interest and such activity does not constitute debt collection.  (Mem. at 1, 5.)  "[A]ctions taken to facilitate a non-judicial foreclosure, such as sending the notice of default and notice of sale, are not attempts to collect 'debt' as that term is defined by the FDCPA."  *Ho*, 2016 WL 6091564, at *3.  That is because "[t]he object of a non-judicial foreclosure is to retake and resell the security, not to collect money from the borrower."  *Id.*  However, "[i]f entities that enforce security interests engage in activities that constitute debt collection, they are debt collectors."  *Id.* at *4.  The question then is whether Plaintiffs have sufficiently pleaded facts to make plausible their allegation that Defendant was acting as a debt collector under the FDCPA and not simply taking actions to facilitate a foreclosure.

The relevant alleged facts are as follows: On July 15, 2015, Plaintiffs incurred financial obligations to Franklin Credit Management Corporation.  (Compl. ¶ 19.)  Sometime thereafter, Defendant alleged that Plaintiffs had fallen behind on payments of this alleged debt.  (*Id.* ¶ 20.)  The alleged debt was then assigned, placed, or otherwise transferred to Defendant for collection activity.  (*Id.* ¶ 21.)  On or about July 16, 2015,

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:16-cv-1266-JLS-KESx | Date: November 14, 2016 |
| Title: Rosa Calderon, et al. v. The Wolf Firm | |

Defendant sent Plaintiffs a letter regarding the alleged debt in an attempt to collect the past due amount. (*Id.* ¶ 22.) The letter stated:

> "Unless you cure the default by the thirtieth (30th) day from the date hereof, (or if said date falls on a Saturday, Sunday or legal holiday, then on the first business day thereafter), then immediately thereafter, and without further demand or notice to you, our client shall declare the entire sum of both principal and interest immediately due and payable, and invoke any and all remedies . . ."

(*Id.* ¶ 23 (emphasis removed).) The letter then went on to state: "[t]he activity contemplated in this paragraph (i.e., the paragraph attempting to notify Plaintiffs' of their debt collection rights) will not alter or extend any time period or activity set out in other paragraphs (i.e., the paragraph demanding Plaintiff cure the debt within 30 days)."[3] (*Id.* ¶ 25 (emphasis removed).)

These factual allegations are insufficient to establish that Defendant is a debt collector under the FDCPA. First, the allegations do not establish that the principal purpose of Defendant's business is debt collection or that Defendant regularly collects or attempts to collect the debts of others. *See Schlegel v. Wells Fargo Bank, NA*, 720 F.3d 1204, 1209 (9th Cir. 2013). Moreover, mere language in the letter identifying Defendant as a debt collector does not establish that Defendant is in fact a debt collector. *Ho*, 2016 WL 6091564, at *5 n.7.

Second, Plaintiffs failed to identify in their Complaint (or through any attachments) that their alleged debt is related to a mortgage on real property. Although a loan to purchase one's residence may be a debt within the meaning of the FDCPA, *see Bush v. Loanstar Mortgagee Servs., LLC*, 286 F. Supp. 2d 1210, 1213 (N.D. Cal. 2003), this does not turn all communications relating to that loan into debt collection activity. As mentioned above, if the communications are part of a non-judicial foreclosure, then they are not debt collection activity under the FDCPA. *Ho*, 2016 WL 6091564, at *3.

---

[3] Although Plaintiffs' Complaint represents that the parenthetical language is part of a direct quote from the letter, it is not, but rather was simply added by Plaintiffs.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:16-cv-1266-JLS-KESx                                                   Date: November 14, 2016
Title: Rosa Calderon, et al. v. The Wolf Firm

On its face, Plaintiffs' Complaint does not plead sufficient facts that would permit the Court to reasonably conclude that Defendant is engaging in debt collection activity and not simply initiating or otherwise facilitating a non-judicial foreclosure. Plaintiffs' submission of supporting documents after the fact cannot make up for deficiencies in the Complaint, particularly where the demand letter was produced only after the Court ordered its production and the exhibits showing notice of default and substitution of trustee were produced as an attachment to supplemental briefing that was also ordered by the Court.

## IV.   CONCLUSION

Accordingly, the Court GRANTS The Wolf Firm's Motion to Dismiss. Plaintiffs' FDCPA claim is DISMISSED WITHOUT PREJUDICE. The Court DECLINES to address Plaintiffs' state law claim until they remedy the deficiencies in their federal law claim. To the extent Plaintiffs seek to file an amended complaint consistent with this Order, they may do so **within twenty-one (21) days**.

Initials of Preparer:  tg