UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  8:16-cv-1266-JLS-KESx                                           Date: January 18, 2017
Title: Rosa Calderon, et al. v. The Wolf Firm

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                              Not Present

**PROCEEDINGS:   (IN CHAMBERS)  ORDER DENYING DEFENDANT'S MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT (Doc. 38)**

Before the Court is Defendant The Wolf Firm's Motion to Dismiss First Amended Class Action Complaint.  (Mot., Doc. 38.)  Plaintiffs Rosa Calderon and Javier Calderon opposed, and Defendant replied.  (Opp., Doc. 39; Reply, Doc. 41.)  The Court finds this matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. R. 7-15.  Accordingly, the hearing set for January 20, 2017, at 2:30 p.m., is VACATED.  Having read and considered the parties' briefs, the Court DENIES the Motion.

## I. BACKGROUND

Plaintiffs are individuals who reside in Redwood City, California.  (FAC ¶ 17, Doc. 32.)  Sometime before July 15, 2015, Plaintiffs allegedly obtained a mortgage through Franklin Credit Management Corporation.  (*Id.* ¶ 19.)  Plaintiffs then fell behind on the payments owed on the mortgage.  (*Id.* ¶ 20.)  Following Plaintiffs' delinquency, their debt was assigned, placed, or otherwise transferred to Defendant for collection.  (*Id.* ¶ 21.)  Defendant is a corporation that, in the ordinary course of business, regularly engaged in debt collection on behalf of itself and others.  (*Id.* ¶¶ 14, 32–33.)

Around July 16, 2015, Defendant sent Plaintiffs an initial written communication (the "Letter") regarding the debt in an attempt to collect the past due amount.  (*Id.* ¶ 23.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:16-cv-1266-JLS-KESx                                                                      Date: January 18, 2017
Title:  Rosa Calderon, et al. v. The Wolf Firm

The Letter begins with the following statement: "PLEASE BE ADVISED THAT WE ARE A DEBT COLLECTOR AND ATTEMPTING TO COLLECT A DEBT.  ANY INFORMATION THAT YOU PROVIDE WILL BE USED FOR THAT PURPOSE." (*Id.* ¶ 24.)  The Letter then demands that Plaintiffs cure their default within 30 days from the date of the Letter.  (*Id.* ¶ 25.)  Specifically, the Letter states the following:

> This letter serves as further notice that the lender intends to enforce the provisions of said Note and Security Instrument.  Unless you cure the default by the thirtieth (30th) day from the date hereof, (or if said date falls on a Saturday, Sunday or legal holiday, then on the first business day thereafter), then immediately thereafter, and without further demand or notice to you, our client shall declare the entire sum of both principal and interest immediately due and payable and invoke any and all remedies provided for in the Note and Security Instrument, including but not limited to the power of sale, foreclosure and exercise of assignment of rents provisions.  Obviously, as a result, the servicer will incur additional reasonable attorney's fees, foreclosure fees and costs necessary to protect its interest, as provided for the [*sic*] in the Security Instrument, which will be your responsibility should you choose to cure the default at a later date.

(*Id.* ¶ 25.)

At no point before sending the Letter did Defendant initiate the foreclosure process.  (*Id.* ¶ 29.)

Plaintiffs thereafter filed a Complaint alleging that Defendant violated the Fair Debt Collection Practices Act ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA").  (Compl., Doc. 1.)  Defendant moved to dismiss the Complaint which the Court granted without prejudice for Plaintiffs to amend.  (*See* MTD Order, Doc. 31.)  Plaintiffs then filed a First Amended Complaint which Defendant now moves to dismiss.  (Mot.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:16-cv-1266-JLS-KESx                                                    Date: January 18, 2017
Title:  Rosa Calderon, et al. v. The Wolf Firm

## II. LEGAL STANDARD

In deciding a motion to dismiss under Rule 12(b)(6), courts must accept as true all "well-pleaded factual allegations" in a complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Furthermore, courts must draw all reasonable inferences in the light most favorable to the non-moving party. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). However, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Although a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. Thus, a complaint must (1) "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively[,]" and (2) "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

## III. DISCUSSION

### A. Whether the Letter Constitutes Debt Collection

"The FDCPA subjects 'debt collectors' to civil damages for engaging in certain abusive practices while attempting to collect debts." *Ho v. ReconTrust Co.*, 840 F.3d 618, 620 (2016) (citing 15 U.S.C. §§ 1692d–f, 1692k). "The FDCPA imposes liability only when an entity is attempting to collect debt." *Id.* at 621 (citing 15 U.S.C. § 1692(e)). The term "debt" means "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:16-cv-1266-JLS-KESx                                                            Date: January 18, 2017
Title:  Rosa Calderon, et al. v. The Wolf Firm

services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment."  15 U.S.C. § 1692a(5).  The term "debt collector" refers to "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. § 1692a(6).

Defendant argues that it cannot be held liable under the FDCPA because it was exercising its client's rights to foreclose on a security interest and such activity does not constitute debt collection.  (Mem. at 1, 5–8, Doc. 38.)  "[A]ctions taken to facilitate a non-judicial foreclosure, such as sending the notice of default and notice of sale, are not attempts to collect 'debt' as that term is defined by the FDCPA."  *Ho*, 840 F.3d at 621.  That is because "[t]he object of a nonjudicial foreclosure is to retake and resell the security, not to collect money from the borrower."  *Id.*  However, "[i]f entities that enforce security interests engage in activities that constitute debt collection, they are debt collectors."  *Id.* at 622.  The question then is whether Plaintiffs have sufficiently pleaded facts to make plausible their allegation that Defendant was acting as a debt collector under the FDCPA and not simply taking actions to facilitate a foreclosure.

The relevant alleged facts are as follows.  Sometime before July 15, 2015, Plaintiffs obtained a mortgage through Franklin Credit Management Corporation.  (FAC ¶ 19.)  Plaintiffs then fell behind on the payments owed on the mortgage.  (*Id.* ¶ 20.)  Following Plaintiffs' delinquency, their debt was assigned, placed, or otherwise transferred to Defendant for collection.  (*Id.* ¶ 21.)  Around July 16, 2015, Defendant sent Plaintiffs an initial written communication regarding the debt in an attempt to collect the past due amount.  (*Id.* ¶ 23.)  The Letter stated in relevant part that

> Unless you cure the default by the thirtieth (30th) day from the date hereof . . . then immediately thereafter, and without further demand or notice to you, our client shall declare the entire sum of both principal and interest immediately due and payable and invoke any and all remedies provided for in the Note and Security Instrument, including but not limited to . . . foreclosure . . . .

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:16-cv-1266-JLS-KESx | Date: January 18, 2017 |
| Title: Rosa Calderon, et al. v. The Wolf Firm | |

(*Id.* ¶ 25.) At no point before sending the Letter did Defendant initiate the foreclosure process. (*Id.* ¶ 29.)

These factual allegations sufficiently establish that Defendant is a debt collector under the FDCPA. The Ninth Circuit's holding in *Ho* was based, in part, on the fact that non-judicial foreclosures in California require the entity initiating foreclosure to make certain communications to the debtor, including informing the debtor of her right to pay her debt and avoid foreclosure. *Id.* at 622–23 ("If ReconTrust can administer a trustee's sale without collecting a debt, it must be able to maintain that status when it takes the statutorily required steps to conduct the trustee's sale."); *see also* Cal. Civ. Code §§ 2924b(b)–(c), 2924c(b)(1), 2924f(c)(3). The court's holding resolves potential conflicts between California foreclosure law and the FDCPA by allowing holders of security interests to exercise their foreclosure rights without risk of liability under the FDCPA while ensuring that debtors are still notified of their rights and protections under the law. *Id.* at 623–25.

In California, the foreclosure process begins when the "trustee, mortgagee, or beneficiary, or any of their authorized agents" files for record with the county recorder a notice of default. Cal. Civ. Code § 2924(a)(1). After the notice of default is recorded, the foreclosing entity must send certain communications to the debtor. Cal. Civ. Code §§ 2924b(b)–(c), 2924c(b)(1), 2924f(c)(3). Here, Plaintiffs specifically allege that no foreclosure proceedings were initiated before Defendant sent the Letter.[1] Nor does the Letter itself state that foreclosure proceedings have begun. (*See* Demand Letter, Doc. 23.)[2] At most, the Letter demands that Plaintiffs pay their delinquent debt or else foreclosure proceedings will be initiated on their property. (*Id.* at 1.) If Defendant did not initiate foreclosure proceedings before sending the Letter, then the Letter cannot have

---

[1] Defendant requests the Court to take judicial notice of a Notice of Default recorded against Plaintiffs' property. (Sandler Decl., Ex. A, Doc. 41-2.) On a motion to dismiss, a court may take judicial notice of "matters of public record." *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001). However, taking judicial notice of this Notice of Default does not help Defendant as it was recorded after the Letter was mailed to Plaintiffs.

[2] The Court previously took judicial notice of the Demand Letter in considering Defendant's first motion to dismiss. (*See* Docs. 22, 23.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:16-cv-1266-JLS-KESx Date: January 18, 2017
Title: Rosa Calderon, et al. v. The Wolf Firm

been a required communication under California foreclosure law, and the Letter cannot have been part of Defendant's actions to facilitate a foreclosure. To conclude otherwise would essentially insulate any demand letter that threatens the debtor with foreclosure from the requirements of the FDCPA. The holder of a security interest who has no intention of foreclosing, but still desires to collect the underlying debt, would be free to use the threat of foreclosure as a means of forcing payment and simultaneously avoid liability under the FDCPA on the grounds that it is "facilitating foreclosure."

Accordingly, the Court finds that Plaintiffs have sufficiently pleaded that Defendant was acting as debt collector under the FDCPA here.

### B. FDCPA and RFDCPA Claims

Defendant contends that even if it was engaged in debt collection, it nevertheless complied with the FDCPA's requirements such that Plaintiffs fail to state a claim. (Mem. at 8–13.) Plaintiffs allege that Defendant violated Sections 1692d, 1692e, 1692f, and 1692g(a)(4)–(5) of the FDCPA, and Sections 1788.17 and 1812.700 of the RFDCPA. (FAC ¶¶ 26, 35–39.) Defendant focuses solely on the sufficiency of Plaintiff's Section 1692g(a) claim. (*See* Mem. at 8–11; Reply at 5–10.) As to Plaintiffs' other claims, Defendant argues that (1) the remaining FDCPA claims fail because they are "derivative" of the Section 1692g(a) claim; and (2) the Court should decline supplemental jurisdiction as to the RFDCPA claims for lack of original jurisdiction. (Mem. at 12–13; Reply at 10.) Therefore, a finding that Plaintiffs have stated a claim under Section 1692g(a) would result in a denial of Defendant's Motion in its entirety.

Section 1692g(a) requires a debt collector, "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt . . . [to] send the consumer a written notice containing":

> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period [after receipt of the notice] that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:16-cv-1266-JLS-KESx | Date: January 18, 2017 |
| Title: Rosa Calderon, et al. v. The Wolf Firm | |

> collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor[,]

unless that information is contained in the initial communication. 15. U.S.C. § 1692g(a). The Letter contains the following disclosure with respect to Sections 1692g(a)(4)–(5):

> You may dispute the validity of the debt or any portion thereof. If you do so in writing within thirty (30) days of receipt of this letter, this firm will obtain and provide you with written verification thereof; otherwise, the debt will be assumed to be valid. Likewise, you may request the name and address of the original creditor if different from above.

(Demand Letter at 2.) Plaintiffs assert that Defendant violated Sections 1692g(a)(4)–(5) when it "blended" the disclosures required under the two subsections rather than stating each one separately. (*See* FAC ¶ 26; Opp. at 15–17.)

### i. Disputing the Debt

As a preliminary matter, the Court addresses Defendant's argument that Plaintiffs were required to contest the validity of the debt in order to state a claim under Section 1692g. (Mem. at 11.) The Court finds no such requirement in the text of the statute with respect to Section 1692g(a). *See* 15 U.S.C. § 1692g. Moreover, neither of the cases Defendant cites is on point. In *Lyles v. Ford Motor Credit Co.*, the plaintiff was suing under Section 1692g(b) on the grounds that the defendants had continued to collect on her debt even after she had disputed the debt's validity. No. SACV 12-1736 AG (RNBx), 2012 WL 7687772, at *4 (C.D. Cal. Dec. 17, 2012). For her claim to survive a motion to dismiss, the plaintiff needed to allege that she disputed the debt within thirty days of receiving the defendants' notice. *Id.*; *see also* 15 U.S.C. § 1692g(b). Here, Plaintiffs make no claim under Section 1692g(b). (*See* FAC.) As for *Elliott v. Credit Control*

___

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  8:16-cv-1266-JLS-KESx | Date: January 18, 2017 |
| Title:  Rosa Calderon, et al. v. The Wolf Firm | |

*Services, Inc.*, there is no language in that order requiring a plaintiff to dispute a debt in order to state a claim under Section 1692g(a).  No. 09CV2649 DMS (BLM), 2010 WL 1495402 (S.D. Cal. Apr. 14, 2010).  The Court therefore finds that Plaintiffs were not required to dispute their debt in order to state a claim.

### ii.      The Demand Letter's Disclosures and Overshadowing

With respect to the disclosures made under Section 1692g(a), Defendant argues that there is no requirement that those disclosures be made verbatim, and that the disclosures in the Letter comply with Section 1692g(a)'s requirements.  (Mem. at 9.)  Defendant is correct insofar as the standard is not whether disclosures in a written notice match the language of the FDCPA verbatim; the standard is whether the notice, as drafted, is "likely to deceive or mislead a hypothetical 'least sophisticated debtor.'" *Terran v. Kaplan*, 109 F.3d 1428, 1431 (9th Cir. 1997) (quoting *Wade v. Regional Credit Ass'n*, 87 F.3d 1098, 1100 (9th Cir. 1996)).  "[T]his standard . . . is lower than simply examining whether particular language would deceive or mislead a reasonable debtor." *Swanson v. Southern Oregon Credit Service, Inc.*, 869 F.2d 1222, 1227 (9th Cir. 1988).  However, this does not necessarily defeat Plaintiffs' claim.  If Defendant's Letter is drafted in such a way that the least sophisticated debtor would likely be deceived or misled as to her rights, then Plaintiffs have succeeded in stating a claim.

Here, the Court finds that Plaintiffs have sufficiently stated a claim as to Defendant's violation of Section 1692g(a)(5) based on the language of the disclosure itself.  Although Defendant's Letter states that "you may request the name and address of the original creditor if different from above," it does not make clear that the request must be in writing and made within thirty days of receiving the Letter.  The word "likewise" and the preceding sentence on debt verification may suggest that the same writing and thirty-day requirements apply to obtaining the original creditor's information, but such inferences are likely beyond the capabilities of the least sophisticated debtor.  Even reading the entire paragraph and considering it as a whole, the least sophisticated debtor could likely conclude that she need not request her original creditor's name and address in writing nor within thirty days.

As for Plaintiffs' claim under Section 1692g(a)(4), the Court finds that the Letter

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  8:16-cv-1266-JLS-KESx | Date: January 18, 2017 |
| Title:  Rosa Calderon, et al. v. The Wolf Firm | |

discloses the necessary information with sufficient clarity.  Although not a verbatim recitation of the statute, the Letter clearly states that if Plaintiffs dispute a portion of their debt in writing within thirty days of receiving the Letter, Defendant will obtain and provide them a written verification of the debt.  However, Plaintiffs argue that even if the disclosure itself complies with Section 1692g, that disclosure is "overshadowed" by the Letter's demand for monetary payment before the thirty-day period expires.  (Opp. at 17–19.)

Overshadowing can occur when payment on a debt is (1) "demanded within a time period less than the statutory thirty days granted to dispute the debt"; and (2) the demand is "communicated in a format that emphasize[s] the duty to make payment" and "obscure[s] the fact that the debtor ha[s] thirty days to dispute the debt."  *See Terran*, 109 F.3d at 1433.  "A demand for payment within less than the thirty-day timeframe necessarily requires the debtor to forego the statutory right to challenge the debt in writing within thirty days, or suffer the consequences."  *Id.* at 1434.  "For this reason, requiring a payment that would eliminate the debt before the debtor can challenge the validity of that debt directly conflicts with the protections for debtors set forth in section 1692g."  *Id.*

Here, Plaintiffs point to language in the Letter demanding payment of the debt within thirty days of the date of the Letter.  (Opp. at 18; Demand Letter at 1 ("Unless you cure the default by the thirtieth (30th) day from the date hereof . . . then immediately thereafter, and without further demand or notice to you, our client shall declare the entire sum . . . immediately due and payable, and invoke any and all remedies provided for . . . .").)  Because the date of the Letter precedes the date on which Plaintiffs received the Letter, Plaintiffs assert that this essentially constitutes a demand for payment before Plaintiffs' thirty days to dispute the debt expires.  (Opp. at 18–19.)  In reply, Defendant argues that demanding payment on a debt does not constitute overshadowing and cites to *Renick v. Dun & Bradstreet Receivable Management Services*, 290 F.3d 1055 (9th Cir. 2002), in support.  (Reply at 8.)

Upon reviewing the cases and the alleged facts, the Court finds that there is overshadowing here.  In *Renick*, the debt collector requested "prompt payment" and included a tear-off portion for making payment, but there was no statement to the debtor that he had to pay within less than thirty days or any "threat that could induce [him] to

___

**CIVIL MINUTES – GENERAL**                                9

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:16-cv-1266-JLS-KESx | Date: January 18, 2017 |
| Title: Rosa Calderon, et al. v. The Wolf Firm | |

'ignore his right to take 30 days to verify his debt and act immediately.'" 290 F.3d at 1057. Here, not only does Defendant's Letter demand Plaintiffs cure their default before their thirty days to dispute expires, but it threatens Plaintiffs with foreclosure and other "remedies provided for in the Note and Security Instrument." (Demand Letter at 1.) This language "threaten[s] or encourage[s] the least sophisticated debtor to waive h[er] statutory right to challenge the validity of the debt." *Terran*, 109 F.3d at 1434. Plaintiffs have therefore stated a claim under Section 1692g(a)(4) as well.

## IV. CONCLUSION

Accordingly, the Court DENIES Defendant's Motion to Dismiss.

Initials of Preparer: tg

___