**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (249203)
ak@kazlg.com
Matthew M. Loker, Esq. (279939)
ml@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Ste. 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

**CARDOZA LAW CORPORATION**
Michael F. Cardoza, Esq. (194065)
mike.cardoza@cardozalawcorp.com
548 Market Street, #80594
San Francisco, CA 94104
Telephone: (415) 488-8041
Facsimile: (415) 651-9700

*Attorneys for Plaintiff*,

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **ROSA CALDERON; AND, JAVIER CALDERON, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,**<br><br>Plaintiffs,<br><br>v.<br><br>**THE WOLF FIRM, A LAW CORPORATION,**<br><br>Defendant. | **Case No.:** CV16-1266 JLS (KESx)<br><br>**STIPULATION FOR DISTRIBUTION OF REMAINING FUNDS TO CY PRES RECIPIENT LEGAL AID SOCIETY OF ORANGE COUNTY & COMMUNITY LEGAL SERVICES OF SOUTHEAST LOS ANGELES COUNTY**<br><br>**HON. JOSEPHINE L. STATON** |

## I. INTRODUCTION

On March 13, 2018, this Court conditionally granted Plaintiffs ROSA CALDERON; and, JAVIER CALDERON's ("Plaintiffs") Motion for Preliminary Approval. [ECF No. 66]. Therein, the Court ordered the Parties to "notify the Court of their proposed *cy pres* recipient and the reasons why that recipient ha[d] been selected." [Order, 21:16-18].

In response, the Parties requested this Court approve Legal Aid Society of Orange County & Community Legal Services of Southeast Los Angeles County, which operate as a common entity, ("LASOC") as the *cy pres* recipient. [ECF No. 68]. The Court approved this request on September 18, 2018. [ECF No. 75, page 4]. As discussed below, the Parties now jointly request the Court's approval to disburse $814.32 to LASOC.

## II. ARGUMENT

The Settlement provided for a full-distribution, non-revisionary settlement fund of $68,000. Settlement Agreement, ¶ 4.1. From this fund, each of the 114 class members would receive $15.66 . Prelim. Approval Mem. at 7. To aid in the efficiency of disbursement, each class member who did not exclude himself or herself received a check in the mail and any uncashed checks after ninety-one days were cancelled. Settlement Agreement, ¶ 4.5.2. The Settlement Agreement provides that unclaimed funds will either be redistributed, if "practical" or directed to the Court-approved *cy pres* recipient. *Id*.

Sixty-two class members timely cashed their checks leaving fifty-two uncashed checks. [Declaration of Elizabeth Kruckenberg ("Kruckenberg Decl."), ¶¶ 6-7]. These uncashed checks leave $814.32 remaining in the Settlement Fund. [*Id*., ¶ 6]. The costs of distribution, as detailed below, would not be the best use of such limited funds. The Parties therefore request this Court permit LASOC to

Case # CV16-1266 JLS (KESx)     1 of 4     *Calderon, et al. v. The Wolf Firm*

STIPULATION FOR DISTRIBUTION OF REMAINING FUNDS TO CY PRES RECIPIENT LEGAL AID SOCIETY OF ORANGE COUNTY & COMMUNITY LEGAL SERVICES OF SOUTHEAST LOS ANGELES COUNTY

receive the remaining funds because a second distribution is not economically feasible.

## A. LASOC Should Receive The Remaining Funds Because A Second Distribution Is Not Economically Feasible.

Following discussions, the Parties request this Court permit LASOC receive the remaining $814.32 because a second distribution is not economically feasible. The Claims Administrator, Phoenix Settlement Administrators, estimates that it will cost $250.00 to disburse the remaining funds. [*Id*. ¶ 8]. As such each consumer would only receive a check for $4.95. [*Id*.]. At this small amount, it is unlikely that many Settlement Class Members would cash the second check, leaving an additional amount of funds leftover, and further necessitating a third disbursement or an even smaller *cy pres* donation. This is not the best use of such a limited funds and would have a greater impact if the current residual is donated to LASOC. *See Lane v. Facebook, Inc*., 696 F.3d 811, 821 (9th Cir. 2012) ("[D]irect monetary payments to the class…would be infeasible given that each class member's direct recovery would be *de minimis*."), *cert. denied sub nom. Marek v. Lane*, 134 S. Ct. 8 (2013) (mem.); *Klier v. Elf Atochem North America, Inc*., 658 F.3d 468, 475 n.15 (5th Cir. 2011) ("[T]here comes a point at which the marginal cost of making an additional pro rata distribution to the class members exceeds the amount available for distribution."); *Holtzman v. Turza*, 728 F.3d 682, 689 (7th Cir. 2013) (noting that a *cy pres* distribution "is most useful when individual stakes are small, and the administrative costs of a second round of distributions to class members might exceed the amount tha[t] ends up in class members' pockets").

Therefore, the Parties believe that a redistribution is not economically feasible and that it would be more appropriate to distribute the unclaimed

settlement funds to LASOC.

## III. CONCLUSION

For the reasons stated above, the Parties respectfully requests that the Court Order the residual funds be sent to LASOC.

Date: April 19, 2019                       **KAZEROUNI LAW GROUP, APC**

By: ___/s/ Matthew M. Loker___
MATTHEW M. LOKER, ESQ.
ATTORNEY FOR PLAINTIFFS

**BROWNSTEIN HYATT FARBER SCHRECK, LLP**

By: ___/s/ Emily R. Garnett___
EMILY R. GARNETT, ESQ.
ATTORNEY FOR DEFENDANT

## SIGNATURE CERTIFICATION

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures Manual, I hereby certify that the content of this document is acceptable to Defendants' respective legal counsels and that I have obtained their authorizations to affix their electronic signatures to this document.

Date: April 19, 2019                       **KAZEROUNI LAW GROUP, APC**

By: ___/s/ Matthew M. Loker___
MATTHEW M. LOKER, ESQ.
ATTORNEY FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

A copy of the foregoing *Stipulation for Distribution of Remaining Funds to Cy Pres Recipient* has been filed this 19th day of April 2019, through the Court's electronic filing system. All parties may access the foregoing via the Court's electronic filing system.

                                                      /s/ Matthew M. Loker
                                                      MATTHEW M. LOKER, ESQ

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

Case # CV16-1266 JLS (KESx)      4 of 4      *Calderon, et al. v. The Wolf Firm*
**STIPULATION FOR DISTRIBUTION OF REMAINING FUNDS TO CY PRES RECIPIENT LEGAL AID SOCIETY OF ORANGE COUNTY & COMMUNITY LEGAL SERVICES OF SOUTHEAST LOS ANGELES COUNTY**